**FILED**
**Feb 04, 2021**
**10:53 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **JOHN BEECH,** | ) | **Docket No.: 2020-05-0177** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **G4S SECURE SOLUTIONS (USA),** | ) | |
| **INC.,** | ) | **State File No.: 72850-2019** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on February 3, 2021, for an Expedited Hearing on the record. The central legal issue is whether Mr. Beech is likely to prove at a hearing on the merits that he is entitled to additional medical benefits in the form of a psychiatric panel or treatment with his personal psychiatrist. For the reasons below, the Court holds Mr. Beech is not entitled to the requested benefits.

### Procedural History

This is the second expedited hearing in this case. After the first hearing on the record, the Court issued an order requiring G4S to provide Mr. Beech with a psychiatric or neuropsychological panel. G4S appealed, and the Appeals Board affirmed.

On January 5, 2021, G4S requested a decision on the record under Rule 0800-02-21-.15(1)(e). Mr. Beech did not object, and he filed his own request for a hearing on the record.

1

The Petitions for Benefit Determination and the sworn statements filed with the Request for Expedited Hearing show that Mr. Beech now seeks an order compelling G4S to authorize treatment with his current psychiatrist or, in the alternative, a panel of psychiatrists closer to his home. He also requests payment of attorney fees. G4S seeks relief from the Court's prior order compelling it to provide a psychiatric panel because the authorized physician, Dr. Richard Rubinowicz, no longer recommends this treatment.[1]

**History of Claim**

While Mr. Beech worked for G4S on August 8, 2019, a patient assaulted him. He reported an injury, and G4S authorized treatment with a neurologist, Dr. Rubinowicz.

Dr. Rubinowicz first saw Mr. Beech on September 9. He assigned light-duty restrictions and suggested "further evaluation with psychiatry for his increased anxiety." On September 18, Dr. Rubinowicz noted that Mr. Beech "does see psychiatry for pre-existing anxiety disorder and ADD." He assessed Mr. Beech with post-concussion syndrome and said, "He will need further evaluation with psychiatry or neuropsychology for his anxiety and inability to function."

Dr. Rubinowicz followed up with a letter on September 24 explaining that he saw Mr. Beech for his headaches, stating:

> I feel there is nothing I can do to help at this time and I have asked for him to be referred to a Neuropsych for his anxiety that he seems to be having more of a problem with. After speaking with Mr. Beech on 2 occasions, I feel that there is no neurological reason that he cannot return to work full duty.

On July 6, 2020, G4S sent a questionnaire letter to Dr. Rubinowicz, along with Mr. Beech's pre-injury psychiatric treatment records. The letter asked, "Based on your review of the medical records regarding Mr. Beech's ongoing psychiatric treatment, can you say to a reasonable degree of medical certainty that Mr. Beech needs a psychiatric or neuropsychological referral <u>primarily</u> as a result of the alleged injury that occurred on August 8, 2019?" Dr. Rubinowicz responded by checking the "No" box.

After the first expedited hearing, Dr. Rubinowicz gave a deposition. He testified that he recommended psychiatry on September 9 to address Mr. Beech's level of anxiety. When Mr. Beech returned on September 18, he disclosed to Dr. Rubinowicz for the first

---

[1] The Court determined that a review of the written materials without an evidentiary hearing was appropriate and issued a Docketing Notice. It also identified the written materials to be considered and allowed the parties seven business days to file position statements and any objections to the admissibility of those materials. Both parties filed position statements, and G4S filed several evidentiary objections. The Court's rulings on those objections are in the Appendix.

2

time that he had been seeing a psychiatrist for a preexisting anxiety disorder and ADD, and he was taking Adderall and Clonopin. Dr. Rubinwicz later reviewed Mr. Beech's psychiatric records and concluded that, in view of the ongoing psychiatric management, there was no medical basis for a neuropsychological evaluation. He concluded: "Neurologically there was nothing else I was going to add in, his issues were psychiatric in nature, what component was preexisting or PTSD-related from the assault, his psychiatrist would tackle from there forward."

Mr. Beech's Rule 72 declaration states that since his previous psychiatrist retired, he now treats with Dr. Anne Fottrell in Franklin, Tennessee. He also confirmed that G4S provided a panel of psychiatrists after the Appeals Board issued its opinion, although he objects to the panel in his brief and has apparently not made a selection.

**Findings of Fact and Conclusions of Law**

Mr. Beech seeks an order for a new panel of psychiatrists/psychologists or for Dr. Fottrell to be designated as his authorized psychiatrist. Tennessee Code Annotated section 50-6-204(h) (2019) provides: "All psychological or psychiatric services available under subdivisions (a)(1) and (b)(1) shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(4)." Further, any treatment recommended by a panel physician shall be presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H).

In this expedited hearing, Mr. Beech need not prove every element of his claim by a preponderance of the evidence to receive relief. Instead, he must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds he has not carried this burden.

As the Appeals Board noted, the original issue was not whether Mr. Beech must prove "that his alleged psychological injury is causally related to the work incident." Instead, the relevant issue was whether he was likely to prove that Dr. Rubinowicz "made a referral to a specialist." Although the Court found in its first Expedited Hearing Order that Dr. Rubinowicz made a specialist referral, whether that is his current intent is now unclear.

What has changed? Since the first Expedited Hearing Order, Dr. Rubinowicz testified that Mr. Beech no longer needs neuropsychological testing. One problem for the Court is that in the written records, the doctor variously referred to the need for "psychiatry" or "neuropsychology." In his deposition, Dr. Rubinowicz and counsel for the parties continued using both terms somewhat interchangeably. Therefore, although it is apparent that the doctor has withdrawn his referral for neuropsychological testing, it is far

from certain he originally intended to make a psychiatric referral that was distinct from the neuropsychological recommendation. Even if he did, whether he intended to revoke the psychiatric referral is unclear, although he did testify that there are not "any referrals that [he] would recommend that were primarily based on the work injury." This uncertainty compels the Court to find that Mr. Beech has not met his burden of proof.

Mr. Beech seems to argue that, because Dr. Rubinowicz said his issues were psychiatric in nature and would be addressed by his personal psychiatrist, G4S must provide that treatment. This argument overlooks the fact that Dr. Rubinowicz unequivocally said that he did not know whether the psychiatric issues were pre-existing or "PTSD related from the assault." The mere existence of psychiatric issues is insufficient to trigger G4S's duty to provide treatment. There must either be a medical opinion that his problems are primarily related to the work injury or, as noted above, a referral from the authorized doctor. As Mr. Beech has introduced neither, the Court cannot find he is likely to prevail at trial in proving that he is entitled to psychiatric treatment at this time.[2]

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Beech's requested relief is denied at this time. G4S is relieved of the requirement to provide a psychiatric panel imposed by the Court's September 28, 2020 Order.[3]

2. This case is set for a Status Hearing on March 25, 2021, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED February 4, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

---

[2] Because Mr. Beech has not shown entitlement to the requested psychiatric treatment, the attorney fee request is premature.

[3] The Court is not withdrawing its referral to the Compliance Program for investigation and possible assessment of a civil penalty. As the Appeals Board noted: "Nothing in the record indicates Employer provided Employee a panel of specialists or otherwise acted on [the original] referral in a timely manner."

4

Exhibits:

1. Mr. Beech's August 11, 2020 Rule 72 Declaration Under Penalty of Perjury, including medical records contained in Exhibit A.
2. September 4, 2019 Panel selection of Dr. Rubinowicz
3. Exhibits to G4S's September 2, 2020 Response and Objection to Employee's Request for a Decision on the Record.
4. Dr. Rubinowicz's response to the July 6, 2020 questionnaire
5. Jennifer Little's January 5, 2021 Rule 72 Declaration
6. Transcript of Dr. Rubinowicz's October 21, 2020 deposition
7. Mr. Beech's January 14, 2021 Rule 72 Declaration

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Mr. Beech's August 19, 2020 Request for Expedited Hearing
4. G4S's Response and Objection to Employee's Request for a Decision on the Record
5. Docketing Notice of September 9, 2020
6. G4S's Objections and Position Statement in Preparation for On-The-Record Determination
7. Mr. Beech's Legal Brief in Support of his Request for an Expedited Hearing on the Record
8. September 28, 2020 Expedited Hearing Order
9. Appeals Board December 16, 2020 Opinion
10. G4S's January 5, 2021 Request for Expedited Hearing
11. Mr. Beech's January 15, 2021 Request for Expedited Hearing
12. Docketing Notice of January 21, 2021
13. G4S's February 1, 2021 Objections and Position Statement in Preparation for On-The-Record Determination
14. Mr. Beech's January 18, 2021 Brief in Support of his Request for Expedited Hearing and in Response to the Employer's Request for an Expedited Ruling on the Record.

Evidentiary Objections:

1. Paragraph 7 of Mr. Beech's August 11, 2020 Rule 72 Declaration. Sustained as to what Dr. Rubinowicz's office told Mr. Beech and the audio recording. Remainder overruled.

2. Paragraph 8 of Mr. Beech's August 11, 2020 Rule 72 Declaration. Overruled as to the first sentence. Remainder sustained.
3. Pages 1-12 of Exhibit A of Mr. Beech's August 11, 2020 Rule 72 Declaration. Sustained as to pages 1-11. Overruled as to page 12.
4. Page 21 of Exhibit A of Mr. Beech's August 11, 2020 Rule 72 Declaration. Sustained.
5. Pages 25-28, 30, 32-44 of Exhibit A of Mr. Beech's August 11, 2020 Rule 72 Declaration. Sustained.
6. Paragraph 3 of Mr. Beech's January 14, 2021 Rule 72 Declaration. Sustained as to the first sentence. Remainder overruled.
7. Paragraph 4 of Mr. Beech's January 14, 2021 Rule 72 Declaration. Overruled.

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on February 4, 2021.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Christopher D. Markel | | X | cmarkel@markelfirm.com |
| Tiffany B. Sherrill | | X | tbsherrill@mijs.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*